**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Philip Colella,

      Plaintiff,

v.

Desert Diamond Casino,

      Defendant.

No. CV-26-03619-PHX-KML

**ORDER**

    Plaintiff Philip Colella filed a complaint and an application for leave to proceed in forma pauperis. That application is granted but Colella's complaint is dismissed without leave to amend because it fails to state a claim for relief and seeks "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## BACKGROUND

    Colella's complaint provides minimal information, but he appears to be suing the only defendant, Desert Diamond Casino, for events that happened while he was employed there. From January 2025 through July 2025, Colella was subjected to "sexual harassment & intimidation" by an unidentified female coworker. That coworker allegedly told others that Colella was a pedophile who molested a minor and took actions that reduced Colella's income. The coworker also threatened Colella with termination if he "ask[ed] for statements from other employees." (Doc. 1 at 4.) The coworker "quit after [Colella] said [he] was going to sue her personally." (Doc. 1 at 4.) In filling out the portion of the complaint regarding the type of discrimination at issue, Colella did not identify any of the

usual options, such as race, sex, or religion. Instead, Colella alleges he was discriminated against based on "[the coworker] is friends with upper management." (Doc. 1 at 4.)

At some point Colella filed a charge with the EEOC. In February 2026, the EEOC dismissed the charge and issued a right-to-sue letter. (Doc. 1 at 7.) The EEOC dismissed Colella's "charge because the Respondent is a . . . tribal entity." (Doc. 1 at 7.) Colella filed this suit less than 90 days after receiving his right-to-sue letter.

## ANALYSIS

The most likely basis for Colella's suit is Title VII. That statute "prohibits employers from engaging in discriminatory practices. Congress, however, exempted 'Indian tribe[s]' from the scope of the definition of 'employer' as used in Title VII." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998) (quoting 42 U.S.C. § 2000e(b)). This statutory exemption extends also to entities that qualify as an arm of a tribe. *Id.* Desert Diamond Casino qualifies as an arm of a tribe because it is "a subordinate economic enterprise of the Tohono O'odham Nation." *Filer v. Tohono O'Odham Nation Gaming Enter.*, 129 P.3d 78, 80 (Ariz. Ct. App. 2006). Based on that, Colella cannot pursue any Title VII claims against Desert Diamond Casino.

If Colella is hoping to pursue non-Title VII claims, such as claims under Arizona law, the doctrine of tribal sovereign immunity prevents him from doing so. "Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe." *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 725 (9th Cir. 2008). And those entities "acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself." *Id.* Because Desert Diamond Casino is an arm of a tribe, Colella has no plausible state claims to assert against it in this forum.

Accordingly, Colella can raise no claims here and his complaint is dismissed. Sovereign immunity is jurisdictional, so the dismissal is without prejudice. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("dismissal for lack of subject matter jurisdiction is without prejudice"). And because Title VII does not apply to Colella's employment by a tribe and tribal sovereign immunity bars any possible state-law claims, it

would be futile to allow leave to amend.

Accordingly,

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close this case.

Dated this 8th day of July, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -